# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DOMINICK SHOCKLEY,

     Plaintiff,

v.                                         Case No. 8:24-cv-2085-WFJ-SPF

HARD ROCK HOTEL AND CASINO,
*et al.*,

     Defendants.

_____/

## <u>ORDER</u>

*Pro se* Plaintiff Dominick Shockley, a pretrial detainee, initiated this action by filing a civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, because Mr. Shockley has failed to state a viable § 1983 claim, he will be required to file an amended complaint if he wishes to proceed with this action.

Mr. Shockley alleges that on November 15, 2023, he was gambling at the Seminole Hard Rock Casino in Tampa, Florida. (Doc. 1 at 2). He had $12,064 in cash in his pocket. (*Id.*) At some point, an unidentified person falsely reported that Mr. Shockley "was in possession of bombs." (*Id.* at 17). Mr. Shockley was "tossed on the ground by casino police." (*Id.* at 2). Unidentified "officers" and "casino staff" then "robbed" Mr. Shockley of his cash and jewelry, including a "Bentley 18k gold bust down watch with diamonds." (*Id.*) Mr. Shockley protested that his property was "being taken illegally." (*Id.* at 3). The "officers" and "casino staff" laughed and said, "Wow! All of this money and jewelry, you

must be a drug dealer." (*Id.* at 2-3). Mr. Shockley was subsequently taken to the Orient Road Jail. (*Id.* at 7). His property has not been returned to him. (*Id.*)

Based on these allegations, Mr. Shockley sues eight defendants: Deputy Matthew Vanderbosch, Officer David Beall, Detective Timothy Crocker, the Hard Rock Casino, the "Head of Security for Hard Rock Casino," an Unknown Anonymous Caller, Analyst Rebecca Metsky, and Analyst Connor Lennon. (*Id.* at 6). Mr. Shockley seeks to hold these defendants liable under various federal criminal statutes, charging them with (among other things) "hate crime[s]" in violation of 18 U.S.C. § 249, extortion in violation of 18 U.S.C. § 872, and "false information and hoaxes" in violation of 18 U.S.C. § 1038. (*Id.* at 5). Mr. Shockley also alleges that defendants conducted an "illegal search and seizure" in violation of the Fourth Amendment. (*Id.* at 7).

As currently pled, Mr. Shockley's complaint is deficient. First, Mr. Shockley fails to allege facts showing that each named defendant personally participated in the unlawful conduct. Section 1983 "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Such a "causal connection" may be established by showing that "the official was personally involved in the acts that resulted in the constitutional deprivation." *Id.* This means that "a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added). Mr. Shockley does not plead facts that connect the named defendants to the allegedly unlawful search and seizure. Instead, he states that "officers" and "casino staff" stole his property

without clarifying which individuals participated in the alleged misconduct. (Doc. 1 at 2-3). This pleading deficiency deprives the defendants of fair notice of the claims against them. *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.") (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)).

Second, it is unclear whether any of the defendants qualify as state actors under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The Hard Rock Casino and its "Head of Security" are private parties, as is the "Unknown Anonymous Caller" who apparently reported that Mr. Shockley "was in possession of bombs." (Doc. 1 at 17). As for Deputy Vanderbosch, Officer Beall, and Detective Crocker, the complaint appears to list their employer as the Hard Rock Casino. (Doc. 1 at 6). If that is the case, these defendants are also private actors. Finally, Mr. Shockley alleges no facts about Ms. Metsky or Mr. Lennon, so the Court cannot determine whether they qualify as state actors.

If Mr. Shockley chooses to amend his complaint, he must allege facts showing that each defendant "act[ed] under color of state law" for § 1983 purposes. *West*, 487 U.S. at 48. The Court notes that private parties qualify as state actors only if "(1) the State has

coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test)." *Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

Third, Mr. Shockley cannot sue any of the defendants for violating federal criminal statutes "because a private citizen cannot initiate a federal criminal prosecution and because these statutes do not provide a private right of action for damages." *Stoll v. Martin*, No. 3:06-cv-180-LAC-EMT, 2006 WL 2024387, at *2 (N.D. Fla. July 17, 2006); *see also Laster v. Georgia*, No. 1:20-cv-81-LAG, 2020 WL 9348259, at *2 (M.D. Ga. July 1, 2020) ("[A]s a general matter, Title 18 is a federal criminal statute which does not create civil liability or a private right of action. . . . Thus, private parties may not maintain suit under most provisions of Title 18.").

For all these reasons, the complaint must be dismissed. In light of Mr. Shockley's *pro se* status, the Court will give him an opportunity to amend his complaint. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

Accordingly, it is **ORDERED** that:

1.      Mr. Shockley's complaint, (Doc. 1), is **DISMISSED without prejudice**.

a. If Mr. Shockley wishes to amend, he shall file an amended complaint within **THIRTY DAYS** of the date of this order.

b. To amend, Mr. Shockley should complete a new civil rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Shockley's claims and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

c. The amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Shockley fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3.      Mr. Shockley must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4.      The Clerk is **DIRECTED** to mail to Mr. Shockley a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on October 4, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE